# Fidelity and Casualty Company of N. Y. *v.* Downing & Downing, Appellant.

*Principal and agent—Insurance agent—Contract of employment—Affidavit of defense—Counter-claim—Insufficiency.*

In an action of assumpsit for premiums collected by an insurance agent, an affidavit is insufficient, which seeks to set up, as a counter-claim, the loss of business sustained by the agent, after the cancellation of the contract of employment.

In the law of principal and agent, nothing is better settled than that the agent is disqualified from dealing with the property of the principal for his own advantage. He cannot buy his principal's property, even from the principal himself, except upon the fullest disclosure of every matter which may affect its value. He is treated by the law precisely as trustees are treated who seek to make profit for themselves out of the trust relation.

It was the duty of the agent to disclose to his principal every fact which had any bearing as to the character of the risk, the identity of the insured and the date of the expiration of the policy which the company issued at the suggestion of the agent. The policy of insurance could not be written unless the company knew the risk which it assumed, the identity of the insured and the term during which the contract was to remain in force. This information the agent was bound to furnish under the contract of agency and became the property of the principal.

Argued April 14, 1926. Appeal No. 175, April T., 1926, by defendant, from judgment of C. P. Erie County, February T., 1925, No. 109, in the case of Fidelity and Casualty Company of New York v. Downing & Downing. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for insurance premiums. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The court made absolute the rule. Defendant appealed.

134 FIDEL. & CAS. CO. *v.* DOWNING et al., Appellant.

Assignment of Error—Opinion of the Court. [88 Pa. Superior Ct.

*Error assigned,* among others, was the decree of the court.

*Charles A. Mertens,* for appellant.

*W. B. Fish,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals from that ruling. The statement averred and the affidavit of defense admitted that the defendant had, as agent of the plaintiff, collected certain premiums on policies of insurance issued by the plaintiff company, which collections, less the commissions to which defendant was entitled under the contract between the parties, amounted to $895.99, and that the agent, the defendant, had not paid over said amount to its principal, the plaintiff.

The contract between the parties, a copy of which was attached to the statement, was in writing, and the affidavit of defense did not aver that it had been in any manner modified by an oral agreement. By the terms of that contract the plaintiff appointed the defendant as an agent in the branches of its business therein specified and covenanted to allow the agent certain commissions on the designated classes of risks, on the premiums "on all policies and renewals issued by the company for the agent during the term of this agreement," said commission to be full payment for all services rendered and all expenses incurred by the agent. The duties and authority of the agent were defined as follows: "to solicit and canvass for insurance in the said branches of the company's business; to collect the premiums; to keep a full and true account of all business done by the agent; to render accounts of such business; to obey the rules and regulations con-

tained in the company's manuals and rate-books.''
The contract provided that: ''Either party may terminate this agreement at any time.'' There can be no doubt that under the terms of this contract the relation between the parties was that of principal and agent; Act of June 1, 1911, P. L. 607, as amended by the Act of July 24, 1913, P. L. 997. The affidavit of defense, after admitting receipt of the premiums in question and the failure to pay over the amount thereof to the plaintiff, attempted to set up a counterclaim, averring that the plaintiff was indebted to the defendant in the sum of five thousand dollars damages which the defendant has sustained, by reason of the action of the plaintiff after the contract had been cancelled and the defendant had ceased to be the agent of the plaintiff. This allegation of counterclaim was attempted to be supported on the following grounds. The affidavit alleged that the defendant was engaged in the business of an insurance agent and that it acquired a proprietary interest in the business which through its solicitation it procured for its principal, the plaintiff; that when the plaintiff issued a policy to the insured whose business had been secured by the solicitation of the defendant, the party thus insured became the client of the agent and all the information relative to the business which the agent communicated to the principal was confidential and remained entirely and solely the property of the agent, the defendant, and represented a property value; that information received by the plaintiff as to the persons whose policies the defendant placed with the plaintiff and the expirations of such policies was confidential information, of which the plaintiff had no right to take advantage, after the defendant ceased to be its agent, and that in violation of the defendant's property rights and with the purpose of injuring and destroying the defendant's business, the plaintiff did solicit

the clients of the defendant to renew insurance policies and place their insurance with the plaintiff. The affidavit of defense did not aver that the company had failed to pay to the defendant the commission on all renewals of policies which had occurred during the term of the agency.

There is no merit whatever in this allegation of a counterclaim. "In the law of principal and agent, nothing is better settled than that the agent is disqualified from dealing with the property of the principal for his own advantage. He cannot buy his principal's property, even from the principal himself, except upon the fullest disclosure of every matter which may affect its value. He is treated by the law precisely as trustees are treated who seek to make profit for themselves out of their trust relation": Darlington's Estate, 147 Pa. 629. It was the duty of this defendant, as an agent, to disclose to his principal every fact which had any bearing as to the character of the risk, the identity of the insured and the date of the expiration of the policy which the company issued upon his suggestion as an agent. The policy of insurance could not be written unless the company knew the risk which it assumed, the identity of the insured and the term during which the contract was to remain in force. This information the defendant was bound to furnish under this contract of agency. The information was the property of the principal, this plaintiff. The contract between these parties contained no covenant that this defendant should be entitled to commissions on the renewal of policies expiring after the termination of the agency, nor did it contain any covenant that the plaintiff would not renew policies which expired after such termination. The court did not err in entering judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.